HELVA MUSICK, an infant, by GEORGE MUSICK, next friend, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

**St. Louis Court of Appeals, January 24, 1911.**

1. **CARRIERS OF PASSENGERS: Street Railways: Passengers Alighting: Duty of Carrier.** Where a street car slows down at a customary stopping place, on the signal of a passenger, and the passenger goes to the rear platform of the car, in readiness to alight when the car comes to a stop, the act of starting the car while the passenger is in that position is a breach of the carrier's duty to allow the passenger reasonable time and opportunity to alight.

2. ———: ———: ———: **Pleading: Variance.** Where a petition alleged plaintiff was a passenger on one of defendant's street cars, and, upon her signal to stop, the car was brought to a slow speed as if about to stop at a usual stopping place, and she then went to the rear platform, and stood near the edge, holding on to the rail, and, while she was so standing, defendant's agents "negligently caused said car to be started forward with a sudden, unusual and violent jerk," throwing her to the ground, proof that the start was made in a sudden, unusual and violent manner did not prove a cause of action different from the premature starting pleaded; such proof merely showing the manner in which defendant breached its duty and tending to prove such breach was the proximate cause of plaintiff's injuries.

3. ———: ———: ———: **Evidence: Conclusions.** In an action by a passenger for injuries received by the alleged premature starting of a street car, her testimony that she was "jerked from the car into the gutter" and that "it was such a violent jerk that it threw me from the platform into the gutter" was not the statement of a conclusion, but was a description of a motion and its effect, which, because of the infirmity of language, could not be more properly described.

4. **EVIDENCE: Hearsay: Harmless Error.** In an action for personal injuries, where plaintiff testified that one claiming to be defendant's physician had said she had a bad sprain, and the court refused to strike out the statement as hearsay and an unauthorized admission, the ruling was harmless, where other undisputed evidence clearly showed that such injury was suffered.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Glendy B. Arnold* for appellant; *Boyle & Priest* of counsel.

(1) The court erred in refusing defendant's demurrer to the evidence offered at the close of plaintiff's evidence in chief and its peremptory instruction offered at the close of the whole case. Plaintiff not being in a dangerous position, a mere start of the car was not negligence. Waldhier v. Railroad, 71 Mo. 514; Saxton v. Railroad, 98 Mo. App. 494; Pryor v. Railroad, 85 Mo. App. 367. (2) Plaintiff's first instruction is erroneous because it submits a different cause of action from that charged by the petition, and is not supported by any evidence of the negligence therein submitted. Plaintiff cannot sue on one cause of action and recover on another. Waldhier v. Railroad, 71 Mo. 514; Heinzle v. Railroad, 182 Mo. 528; Bond v. Railroad, 110 Mo. App. 131. (3) Plaintiff's fourth instruction on the measure of damages is error because it authorized an award of damages for any permanent injuries plaintiff may have sustained and for any pain of body and mental anguish she will in the future suffer as the result of said injuries without any evidence tending to show that her injuries are permanent or that she would in the future suffer pain of body or mind on account thereof. Wilbur v. Railroad, 110 Mo. App. 689. (4) The court erred in permitting plaintiff to state her conclusion that she was jerked from the car into the street, and that the jerk of the car "was a violent jerk." Hedrick v. Railroad, 195 Mo. 122; Guffy v. Railroad, 53 Mo. App. 466; Portuchek v. Railroad, 101 Mo. App. 55. (5) The court erred in permitting plaintiff to testify to the

155 App.—5

alleged statement made by defendant's physician to the effect that she sustained a badly sprained ankle. 1 Clark. and Skyles, secs. 466, et seq.; Robinson v. Walton, 58 Mo. 380; McDermott v. Railroad, 73 Mo. 516; Adams v. Railroad, 74 Mo. 553; Frye v. Railroad, 200 Mo. 377.

*S. C. Rogers* for respondent.

(1)  The court did not err in refusing defendant's demurrer at the close of plaintiff's case and at the close of the whole case.  Schulze v. Railroad, 32 Mo. App. 438; Cobb v. Lindell Ry. Co., 149 Mo. 135; Millar v. St. Louis Transit Co., 215 Mo. 607; Moorman v. Railroad, 105 Mo. App. 711; Cook v. Springfield Traction Co., 129 S. W. 265; Duffy v. St. Louis Transit Co., 104 Mo. App. 235; Parks v. St. Louis Transit Co., 119 Mo. App. 445; Brady v. Springfield Traction Co., 140 Mo. App. 421. (2) Plaintiff's first instruction did not submit a different cause of action from that alleged, and negligence was shown.  Nelson v. Met. St. Ry. Co., 113 Mo. App. 702; Schulze v. Railroad, 32 Mo. App. 438; Bond v. Railroad, 122 Mo. App. 217; Bell v. Central Elec. Ry. Co., 125 Mo. App. 666; Murphy v. Met. St. Ry. Co., 125 Mo. App. 269; Hufford v. Met. St. Ry. Co., 130 Mo. App. 642; Gorman v. St. Louis Transit Co., 96 Mo. App. 602.  (3) Plaintiff's fourth instruction on the measure of damages was proper as given and under the evidence.  Duffy v. St. Louis Transit Co., 104 Mo. App. 235; Hufford v. Met. St. Ry. Co., 130 Mo. App. 644; Cobb v. Lindell Ry. Co., 149 Mo. 135; McCarthy v. St. Louis Transit Co., 108 Mo. 317; Nelson v. Met. St. Ry. Co., 113 Mo. App. 702; Mabrey v. Gravel Road Co., 92 Mo. App. 603; Parker v. St. Louis Transit Co., 108 Mo. App. 469.  (4) There was no error in using the word "jerk" nor "violent jerk."  State v. Buchler, 103 Mo. 206; Thompson v. City of Poplar Bluff, 124 Mo. App. 439; Schulze v. Railroad, 32 Mo. App. 438.  (5) Appellant's counsel waived objection to plaintiff's testi-

mony of appellant's physician's statement, and the motion to strike out was based on no valid ground. Foster v. Railroad, 115 Mo. 183; Johnson & Co. v. Ice & Refrigerating Co., 143 Mo. App. 453. Nor is it sufficient to justify a reversal. McNally v. Met. St. Ry. Co., 129 S. W. 464.

CAULFIELD, J.—Suit for damages for personal injuries alleged to have resulted from the negligence of defendant. Plaintiff is an infant and appears by next friend duly appointed. The evidence tended to show that on September 16, 1907, plaintiff was a passenger for hire on defendant's south-bound Jefferson Avenue car, and was injured at her destination, the south side of Park avenue, which was a regular stopping place, by the car slowing down almost to a stop, and then, just as she was standing on the platform ready to alight, starting with a violent jerk, and throwing her to the ground.

There was verdict and judgment for the plaintiff for $450, from which, after unsuccessfully moving for a new trial, and in arrest of judgment, the defendant has duly appealed to this court. The facts alleged and proved will more clearly appear in the discussion of the points made by defendant.

I.   Defendant assigns as error the action of the trial court in refusing to direct a verdict for defendant. Its counsel contends, in effect, that the only negligence charged in the petition being the mere starting of the car, the proof must have shown that plaintiff was in such a position of danger that starting the car at all, even gently and with great care, must have caused her injury; that the proof shows that she was not in a position of danger, and that her injury was due, not to the mere starting of the car, but to the *manner* of its starting, its starting with a jerk, which he says, was another and distinct cause of action.

We cannot agree with defendant's conclusions. The petition in effect alleged, and the proof showed, that the relation of carrier and passenger existed between the parties; that upon plaintiff's signal, the defendant's employees in charge of the car brought it to a slow speed, as if about to stop at plaintiff's destination, which the car was approaching and which was a regular stopping place; that, induced by their slowing up and apparent intention to stop in order to let her off, the plaintiff arose from her seat and went to the rear platform and stood near the edge of the steps, facing west, holding to an upright hand bar with her right hand. There is no pretense that plaintiff was negligent in so doing. While she was in this position the car got to the regular stopping place, her destination. It had almost stopped. A lady and child, standing there ready to get on, stepped aside to allow plaintiff to get off, and she was just about to alight. It was then the duty of defendant to allow plaintiff reasonable time and opportunity to alight in safety. But the petition alleges and the proof shows that at this moment of apparent safety, when plaintiff had every reason to expect the car to quietly subside into a quiet stop so that she could safely complete the descent which she had already prepared to make, "the agents and servants of defendant in charge of said car, carelessly, negligently and in disregard of their duties, caused said car to be started forward with a sudden, unusual and violent jerk as plaintiff was standing on the back platform of said car as aforesaid, and plaintiff was by the force of the sudden and violent jerking and starting of said car, violently and with great force thrown to the ground and into the gutter from the back platform of said car."

We have no hesitation in holding that defendant's act in starting the car at all, when it did, under the existing circumstances, was a breach of its duty to allow plaintiff reasonable time and opportunity to alight. And as it proximately produced plaintiff's in-

juries, such breach of duty was negligence in law. Proof that the start was made in a sudden, unusual and violent manner did not, as defendant asserts, prove a cause of action different than the premature starting pleaded. It but showed the method and manner by which the breach of duty occurred and tended to show it to be the proximate cause of plaintiff's injuries. This assignment of error is ruled against the defendant.

II. The plaintiff testified that the car "jerked me from the car into the gutter;" and again, that "it was such a violent jerk that it threw me from the platform into the gutter," and it is claimed that the court erred in refusing to exclude such statements as conclusions. In effect the witness did nothing more than describe a motion and state what effect it had on her. The statements were not conclusions; they were descriptions of facts; facts which from the infirmity of human language could not be more properly described. The refusal of the court to exclude them was not error.

III. The principal injury plaintiff suffered was a sprained ankle, and she testified that a man who claimed to be the defendant's physician had while examining and dressing her injuries "said it was a very bad sprain." It is claimed that the court erred in refusing to strike out the statement made by the doctor as hearsay and an unauthorized admission. Whatever error there was in this action of the court, was harmless. The testimony of plaintiff, her mother and attending physician furnished sufficient competent evidence that the ankle was very badly sprained, and the contrary was not attempted to be shown. We cannot discover that had the alleged statement been excluded, the result would have been different. Under these circumstances the failure to exclude the statement attributed to the doctor will not furnish ground for reversal. The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.